CITIZENS SAVINGS BK OF PEMBER-VILLE v HOCKER et

Ohio Appeals, 3rd Dist, Hancock Co
No. 269. Decided January 15, 1930

Messrs. Chas. E. Jordan, Findlay and Geo. A. Cheney, Bowling Green, for Savings Bank.

Messrs. Marshall, Melhorn, Marlar & Martin, Toledo, for Hocker et.

CROW, J.

The sole question for determination is whether the right of action, or claim, of Jimison who furnished the labor and material, was, as to The Metropolitan Casualty Insurance Company, assignable to plaintiff.

In an extended opinion the very learned judge of the court below, took the position that the right of Jimison was entirely personal, so far as the liability of the surety on the bond of the contractor, was concerned.

We do not doubt that if the benefits and rights conferred on those who furnished to contractors and sub-contractors, labor and materials in the construction of public buildings or other public works or improvements, by 2365-1 to 2365-41 GC were designed to apply only to a class, or to classes, of persons, such, for instance, as those from whose hands the labor or materials pass directly into the buildings, works or improvements, the position of the court below was the correct one.

Without quoting the whole of 2365-1 GC, it is at once apparent from even the most casual consideration, that the "additional obligation" therein referred to, is the payment by the contractor and all sub-contractors, for the labor and materials, absolutely, and without limitation or qualification of any nature whatsoever.

Section 2365-2 GC, provides that the bond including the "additional obligation" mentioned in 2365-1 GC, shall be conditioned for the payment by the contractor and by all sub-contractors, of all indebtedness which may accrue to any person, firm or corporation on account of any labor performed or materials furnished, and there are no words of limitation or qualification in this Section.

Section 2365-4 GC, provides a form which shall be substantially followed, which was done in the case at bar, which form contains the recital that the bond shall be for the benefit of any materialman or laborer having a just claim. This Section also mentions "recovery by any claimant", and makes such recovery subject to the conditions and provisions of the related Sections.

Nothing in any of the provisions of these statutes, can be discerned, which is indicative of an intent that one who furnishes labor or materials, and perfects a

claim therefor, cannot lawfully assign the indebtedness thus due him.

It is but common knowledge that the furnishing of labor and materials in the construction of public improvements is habitually financed by credit extended on the faith of the indebtedness to become due those who so furnish, and it is also common knowledge that in many instances intending bidders would not be able to bid, but for such credit. Whether this situation moved the enactors of the statutes in controversy, to include no restrictions on assignments, we do not know, but it is quite probable such was the case. At all events we repeat, that there is nothing to even suggest a design in the statutes, that a claimant may not assign the obligation due him from the contractor or sub-contractor mentioned in the statutes, as well as the right of action against the surety on the bond when the claim has been perfected pursuant to the statutes. Therefore resort must be had to the common law, and to such other statutes if any as pertain to the assignment of a cause of action.

It is of the utmost importance to note that there is no question concerning a lien in the instant case; the right of Jimison was a cause of action against defendant The Metropolitan Casualty Insurance Company, based on its contract of suretyship of which the statutes under consideration, became part as a matter of law.

It is a general rule, requiring no citation of authority in its support, that all rights of action may be assigned, which would, upon the death of the assignor, pass to his legal representative.

Certainly no one would claim that the cause of action in Jimison, would not have survived to his legal representative, in the event of Jimison's death.

A very thorough and admirable treatment of the subject of assignability is contained in **3 Ohio Jurisprudence, 241.**

By the assignment from Jimison to plaintiff, the latter was the real party in interest and as such was the only person who could have recovered on the contract which The Metropolitan Casualty Insurance Company entered into for the purpose of making sure that the labor and materials going into the improvement would be paid for. **11241 GC.**

The demurrer should have been overruled, and for having sustained it, the judgment must be reversed.

Before Judges Hughes, Justice and Crow.